## CIRCUIT COURT OF FAIRFAX COUNTY

In re Ernest B. Rauth

Fiduciary No. 69874

In re Tove N. Rauth

Fiduciary No. 73391

December 22, 2004

BY JUDGE STANLEY P. KLEIN

In his two motions entitled "Petition to Waive Surety Bond When Trustee is Sole Beneficiary and Sole Heir; and to Merge Trusts," Petitioner has moved for this Court to (A) consolidate the testamentary trusts of Ernest B. Rauth and Tove N. Rauth, (B) waive the annual accountings for the trusts, and (C) waive bond on the trusts. After full consideration of the argument presented and all of the applicable authorities, this Court consolidates the trusts, but declines to waive accountings or bond.

### I. *Background*

Ernest B. Rauth ("Mr. Rauth") died on August 5, 2002, and his will was admitted to probate. His will contained a clause whereby the residuary of his estate was divided into Share A and Share B. Share B passed to his wife, Tove. Share A passed into a Credit Shelter Testamentary Trust ("Trust A").

Tove N. Rauth ("Mrs. Rauth") died on December 24, 2003, and her will was admitted to probate. Her will was a mirror image of her husband's will. Share A passed into a Credit Shelter Testamentary Trust ("Trust B"). Because Mr. Rauth predeceased Mrs. Rauth, Share B also passed into Trust B.

Each will named Gary Sheehan and Eric Lindsey Rauth ("Petitioner") as co-trustees. Petitioner was the sole beneficiary of the trusts. Although the wills waived bond for the personal representatives named in the wills, neither will

waived bond or accountings for the co-trustees. On September 16, 2004, Gary Sheehan renounced his position as co-trustee of Trust A. Shortly thereafter, on October 7, 2004, Mr. Sheehan also renounced his position as co-trustee of Trust B. Thus, Petitioner is the sole trustee and beneficiary of both trusts.

On October 8, 2004, Petitioner filed two motions entitled, "Petition to Waive Surety Bond When Trustee is Sole Beneficiary and Sole Heir; and to Merge Trusts." Petitioner appeared before this Court, on October 29, 2004, to be heard regarding the motions. After considering the oral arguments of Mr. Rauth, this Court took the matters under advisement.

## II. *Analysis*

### A. *Consolidation of Trusts*

Pursuant to the Virginia Code, this Court has the power to consolidate trusts. The Code provides:

> Upon petition by a trustee, personal representative, or beneficiary . . . the circuit court may, for good cause shown, modify a trust in any manner, including, without limitation . . . consolidating two or more separate trusts into a single trust. . . .

Va. Code Ann. § 55-19.4(A) (2004).

The Code requires that to consolidate trusts, "the dispositive provisions of the trusts to be consolidated must be substantially similar." *Id.* at § 55-19.4(B)(1).

In the case *sub judice*, Trust A and Trust B are nearly identical. Therefore, the dispositive provisions of the trusts are substantially similar as is required by the Virginia Code. Moreover, there is good cause to consolidate the trusts as it would prevent duplicative and unnecessary administrative efforts. Therefore, Trust A and Trust B may be consolidated.

### B. *Waiver of Accountings*

The Virginia Code requires every testamentary trustee to provide annual accountings. *Id.* at § 26-17.6. Section 26-17.7(A) provides, however, that if the will of a decedent "contains a waiver of the obligations of the testamentary trustee nominated therein to account, the trustee will not be required to file accounts." *Id.* Indeed, the Code suggests specific language that would be sufficient to constitute a waiver of the trustee's obligation to account. *Id.* at

§ 26-17.7(B). Thus, with the appropriate language, a testator can waive the obligation of a trustee to provide accountings.

In the present case, neither Mr. Rauth's will, nor Mrs. Rauth's will, waives the statutory obligation of the co-trustees to file accounts. Accordingly, this court cannot, on its own accord, rewrite the wills of the testators to do so.

## C. *Waiver of Bond*

The Virginia Code also requires that testamentary trustees pay bond unless it is waived by the will. *Id.* at §§ 26-46.1 to 26-46.2. Section 26-46.2 specifically provides, "each trustee named in a will probated after July 1, 1968, before proceeding to act thereunder, *shall* qualify and give bond . . . with surety . . . unless (i) the will waives surety on the bond. . . ." *Id.* (emphasis added).

The Code does not specify the amount at which bond should be set for a testamentary trustee. Section 64.1-120(A) is instructive, however, as it fixes the amount of bond for the executor or administrator of a testator's estate. *Id.* That section provides, "the bond of an executor or administrator shall be in a penalty equal, at the least, to the full value of the personal estate of the deceased. . . ." *Id.*

Here, neither will waives surety on the bond for the co-trustees. Moreover, the wills both specifically waive bond for the personal representatives. Notably, such waiver is made in the sentence immediately before the appointment of the co-trustees. The wills state: "my Personal Representative or Substitute Personal Representatives shall not be required to give bond for the faithful performance of their duties. In addition, I appoint Gary Sheehan and Eric Lindsey Rauth as Trustees of any Trust established under this Last Will and Testament." In the event that Mr. and Mrs. Rauth wished to waive bond for the co-trustees, the above quoted language demonstrates that they knew how to do so. Thus, this portion of the wills indicates that both testators determined bond for the co-trustees should not be waived. This Court, therefore, shall not contravene the apparent intention of each testator.

As such, surety on the bond for each trust is required. With regard to the amount at which bond should be set, it is the general policy of this court to set bond at one and one-third of the corpus of the estate. However, as Mr. Rauth is both the sole beneficiary and trustee of the trusts, bond will be set at the minimum amount required by law. Therefore, this Court will set bond in the amount of the assets of the trusts.

### III. *Conclusion*

For each of the reasons set out above, this Court consolidates the trusts, but declines to waive accountings or bond.